INN - PROB 22
Rev. 05/04

**FILED**
JUL 07 2008

TRANSFER OF JURISDICTION

| DOCKET NUMBER *(Tran. Court)* |
| --- |
| 0755 2:07CR00098 |
| DOCKET NUMBER *(Rec. Court)* |

STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
Northern District Of Indiana

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DIVISION |
| --- | --- |
| Dwayne Antquan Blunt | Hammond |

**RECEIVED**
JUN 01 2008
U.S. PROBATION OFFICE
CHICAGO, ILLINOIS

| NAME OF SENTENCING JUDGE |
| --- |
| Honorable Andrew Rodovich |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
| --- | --- | --- |
| | 8/1/2007 | 7/31/2009 |

| OFFENSE |
| --- |
| BANK FRAUD |

**08 CR 504**

**JUDGE MORAN**

**MAGISTRATE JUDGE BROWN**

---

### PART 1 - ORDER TRANSFERRING JURISDICTION

| UNITED STATES DISTRICT COURT FOR THE | Northern District Of Indiana |
| --- | --- |

  IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the   Northern District of Illinois   upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

May 30 2008
*Date*

_____
*United States District Judge*
Magistrate

*This sentence may be deleted in the discretion of the transferring Court.

---

### PART 2 - ORDER ACCEPTING JURISDICTION

| UNITED STATES DISTRICT COURT FOR THE | NORTHERN | DISTRICT OF | ILLINOIS |
| --- | --- | --- | --- |

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**FILED**
JUL 14 2008

A TRUE COPY ATTEST

JUL 01 2008

JUN 2 3 2008
*Effective Date*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

_____
*United States District Judge*

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS                                                              312-435-5698

**July 1, 2008**

Northern District of Indiana
U.S. District Court
Office of the Clerk
United States Courthouse,
Suite 2300
5400 Federal Plaza
Hammond, IN 46320

Dear Clerk:

**Re:  0755 2:07CR00098**   USA v. Dwayne Antquan Blunt     Judge Andrw Rodovich

Our Case Number:    08 CR 504 -  Northern District of Illinois

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address.  Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by:        Marsha E. Glenn
           Deputy Clerk

Enclosure

FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA 27 PM 3: 32
HAMMOND DIVISION

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO: 2 : 07 CR 9 8 AR |
| | ) | |
| DWAYNE BLUNT | ) | |

## INFORMATION

### THE UNITED STATES ATTORNEY CHARGES:

On or about June 30, 2004, in the Northern District of Indiana, and elsewhere,

### DWAYNE BLUNT,

defendant herein, did knowingly take and carry away, with intent to steal and purloin, property

belonging to and in the care, custody, control, management and possession of US Bank, a bank

whose deposits were then insured by the Federal Deposit Insurance Corporation.

All in violation of Title 18, United States Code, Section 2113(b).

DAVID CAPP
ACTING UNITED STATES ATTORNEY

By:  s/ DEAN R. LANTER
Dean R. Lanter
Assistant United States Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause
STEPHEN R. LUDWIG, CLERK
By:
DEPUTY CLERK
Date: 7/7/08

TERMED

# U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (Hammond)
## CRIMINAL DOCKET FOR CASE #: 2:07-cr-00098-APR All Defendants
### Internal Use Only

Case title: United States of America v. Blunt                Date Filed: 07/27/2007

Assigned to: Magistrate Judge
Andrew P Rodovich

**Defendant (1)**

**Dwayne Blunt**                              represented by  **Kerry C Connor - FCD**
*TERMINATED: 08/30/2007*                       Federal Community Defenders Inc -
                                               Ham/IN
                                               Northern District of Indiana
                                               31 Sibley Street
                                               Hammond, IN 46320
                                               219-937-8020
                                               Fax: 219-937-8021
                                               Email: kerry_connor@fd.org
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*
                                               *Designation: Public Defender or*
                                               *Community Defender Appointment*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause
STEPHEN R. LUDWIG, CLERK
By:
DEPUTY CLERK
Date: 7/7/08

**Pending Counts**                            **Disposition**

                                               Defendant sentenced to 2 years
                                               probation and restitution in the
                                               amount of $3,820.21 in equal
18:2113(b) ROBBERY OF                          monthly payments for 2 years
PROPERTY BELONGING TO US                       payable to Clerk US District Court
BANK                                           to be disbursed to US Bank. No fine
(1)                                            imposed. $25.00 Special Assessment
                                               due immediately. Standard 15
                                               conditions of probation adopted by
                                               this court shall apply.

**Highest Offense Level (Opening)**

Misdemeanor

**Terminated Counts**                          **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                 **Disposition**

None

---

**Garnishee**

**Tech USA Inc**

---

**Plaintiff**

**United States of America**        represented by **Dean R Lanter - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5500
Fax: 219-852-2700
Email: dean.lanter@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sharon J Johnson - AUSA**
US Attorney's Office - Ham/IN
5400 Federal Plaza Suite 1500
Hammond, IN 46320
219-937-5681
Fax: 219-852-2770
Email: sharon.johnson2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/27/2007 | 1 | INFORMATION as to Dwayne Blunt (1) count(s) 1. (sda) (Entered: 07/30/2007) |

| 07/27/2007 | 2 | Summons Issued in case as to Dwayne Blunt. Initial Appearance set for 8/1/2007 01:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. (sda) (Entered: 07/30/2007) |
|---|---|---|
| 07/31/2007 | 3 | SENTENCING MEMORANDUM by Dwayne Blunt (Connor - FCD, Kerry) (Entered: 07/31/2007) |
| 07/31/2007 | 4 | PLEA AGREEMENT as to Dwayne Blunt (Lanter - AUSA, Dean) (Entered: 07/31/2007) |
| 07/31/2007 | 5 | Summons Returned Executed on 7/31/2007 as to Dwayne Blunt (rmn) (Entered: 07/31/2007) |
| 08/01/2007 | 6 | NOTICE OF HEARING as to Dwayne Blunt. Change of Plea/Sentencing set for 8/1/2007 01:30 PM in Hammond before Magistrate Judge Andrew P Rodovich. (plm) (Entered: 08/01/2007) |
| 08/01/2007 | 7 | CONSENT TO PROCEED BEFORE UNITED STATES MAGISTRATE JUDGE IN A MISDEMEANOR CASE by Dwayne Blunt (plm) (Entered: 08/01/2007) |
| 08/01/2007 | 8 | INITIAL APPEARANCE/CHANGE OF PLEA/SENTENCING as to Dwayne Blunt (1), Count(s) 1 held on 8/1/2007 before Judge Andrew P Rodovich. Dft waives advice of rights, charges, penalties. Consent to Proceed Before Magistrate executed. Dft sworn. Court finds that Dft knowingly and voluntarily waives constitutional rights and factual basis established to support plea. Court accepts Dft's guilty plea. Guilty as to Count 1 of Information. Defendant sentenced to 2 years probation and restitution in the amount of $3,820.21 in equal monthly payments for 2 years payable to Clerk US District Court to be disbursed to US Bank. No fine imposed. $25.00 Special Assessment due immediately. Standard 15 conditions of probation adopted by this court shall apply. Drug testing suspended. Dft shall provide probation office w/access to any financial information. Dft shall not incur new credit charges or open additional lines of credit w/o approval by probation officer unless Dft is in compliance w/installment payment schedule. Govt will file dismissal of case #2:07-cr-9. Govt appeared by atty Dean Lanter. Dft appeared by atty Kerry Connor. Tonika Cooper appeared on behalf of U S Probation/Pretrial Services. (Tape #Digitally Recorded.) (plm) (Entered: 08/01/2007) |
| 08/30/2007 | 9 | JUDGMENT as to Dwayne Blunt (1), Count(s) 1. Signed by Judge Andrew P Rodovich on 8/21/07. (plm) (Entered: 08/30/2007) |
| 05/23/2008 | 10 | ATTORNEY APPEARANCE Sharon J Johnson - AUSA appearing for USA. (Johnson - AUSA, Sharon) (Entered: 05/23/2008) |
| 05/23/2008 | 11 | Joint MOTION for Order Directing Employer to Make Deductions from Employee's Income and Pay to the United States by United States |

| | | of America as to Dwayne Blunt. (Johnson - AUSA, Sharon) (Entered: 05/23/2008) |
|---|---|---|
| 05/27/2008 | 12 | ORDER granting 11 Motion directing garnishee to make deductions from employee's income and pay to the USA as to Dwayne Blunt (1). Signed by Magistrate Judge Andrew P Rodovich on 5/27/08. (kjp) (Entered: 05/27/2008) |
| 05/30/2008 | 13 | ORDER transferring probation jurisdiction to the Northern District of Illinois as to Dwayne Blunt. Awaiting acceptance of other Court Judge. Signed by Magistrate Judge Andrew P Rodovich on 5/30/08. Originals to USPO. (kjp) (Entered: 05/30/2008) |
| 06/09/2008 | 14 | NOTICE OF EMPLOYMENT TERMINATION by Tech USA Inc as to Dwayne Blunt (kjp) (Entered: 06/10/2008) |
| 07/07/2008 | 15 | Probation Jurisdiction Transferred to Northern District of Illinois as to Dwayne Blunt. Transmitted Transfer of Jurisdiction form, with certified copies of information, judgment and docket sheet. (sda) (Entered: 07/07/2008) |

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| NORTHERN | District of | INDIANA |

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |

| | Case Number: | 2:07-cr-98 |
| DWAYNE BLUNT | USM Number: | 09284-027 |
| | Kerry Connor |
| | Defendant's Attorney |

## THE DEFENDANT:

X  pleaded guilty to count(s)   INFORMATION, COUNT I

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18:2113(b) | Misdemeanor Bank Fraud | 6/30/2004 | 1 |

    The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 1, 2007
Date of Imposition of Judgment

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is **a**
true copy of the original on file in this
court and cause
STEPHEN R. LUDWIG, CLERK

By: _____
DEPUTY CLERK

Date: 7/7/08

s/Andrew P. Rodovich
Signature of Judge

Andrew P. Rodovich, United States Magistrate Judge
Name and Title of Judge

August 21, 2007
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
          Sheet 2 — Imprisonment

| | Judgment — Page 2 of 6 |

DEFENDANT:          DWAYNE BLUNT
CASE NUMBER:        2:07-cr-98

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### NO PRISON TIME IMPOSED

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____ ☐ a.m. ☐ p.m.  on _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 4—Probation

Judgment—Page __3__ of __6__

DEFENDANT:        **DWAYNE BLUNT**
CASE NUMBER:    2:07-cr-98

# PROBATION

The defendant is hereby sentenced to probation for a term of:    **TWO YEARS**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

      future substance abuse.  (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a
      student, as directed by the probation officer.  (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4.    The defendant shall support the defendant's dependents and meet other family responsibilities.

5.    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

6.    The defendant shall notify the probation officer at least ten (10) days prior to any change of residence or employment.

7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician.

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court.

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10.    The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11.    The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.    The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

15.    The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A --- Probation

Judgment  Page  ___4___  of  ___6___

DEFENDANT:       DWAYNE BLUNT
CASE NUMBER:     2:07-cr-98

## ADDITIONAL PROBATION TERMS

The periodic drug testing mandated by the Violent Crime Control and Law Enforcement Act of 1994 is hereby suspended. The Court finds that this offense is not drug related, and this defendant has no current or past history of substance abuse.

The defendant shall pay any financial penalty that is imposed by this judgment. Mr. Blunt shall provide the probation officer with access to any requested financial information.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

case 2:07-cr-00098-APR    document 9    filed 08/30/2007    page 5 of 6

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 5 | of | 6 |

DEFENDANT:          DWAYNE BLUNT
CASE NUMBER:        2:07-cr-98

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 25.00 | $ -0- | $ 3,820.21 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant shall make restitution (including community restitution) payable to Clerk, U.S. District Court, 5400 Federal Plaza, Hammond, IN 46320 for the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| US Bank | $3,820.21 | $3,820.21 | 100% |
| **TOTALS** | $ _____ $3,820.21 | $ _____ $3,820.21 | |

X Restitution amount ordered pursuant to plea agreement $ 3,820.21 _____

The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X the interest requirement is waived for the ☐ fine X restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

case 2:07-cr-00098-APR   document 9   filed 08/30/2007   page 6 of 6

AO 245B、 (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 -- Schedule of Payments

Judgment   Page   6   of   6

DEFENDANT: **DWAYNE BLUNT**
CASE NUMBER: 2:07-cr-98

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ ___25.00___   due immediately, balance due

☐ not later than _____ , or
**x** in accordance   **x** C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  **x**  Payment in equal ___monthly___ (e.g., weekly, monthly, quarterly) installments of $ __159.00 min.__ over a period of ___2 years___ (e.g., months or years), to commence ___30___ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.